LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff from a judgment of the Lower Court sustaining an exception of no cause of action and dismissing his suit.
The petition alleges that plaintiff was injured on August 18, 1958, while employed by Rogers Terminal and Shipping Company in the handling of cargo aboard the vessel S.S. Mar-Egeo and that the defendant Travelers Insurance Company had in effect a policy of insurance covering the employer for certain liabilities, particularly under the Federal Longshoremen’s and Harbor Workers’ Act. It is further set forth that Travelers and one H. C. Billon, its adjuster and agent, through the latter, entered into an agreement with petitioner whereby the latter was to receive $50.09 per week until discharged by his physician as able to return to his duties. It is averred that the defendants honored the agreement until March of 1959, at which time payments were, without probable cause, discontinued. The prayer is for judgment in the amount of $50.09 per week from August 18, 1958, less the weeks previously paid, until petitioner’s physician discharges him as able to return to his work, together with penalties, attorney fees and legal interest.
The allegations of the petition make it clear that any claim plaintiff might have for the injuries received in the accident is cognizable under the provisions of the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. §§ 901-950. Sec. 905 of that act reads as follows:
"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by thfe negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.”
The above referred to statute gives birth to any cause of action which the plaintiff might have as the result of his accident and injuries and that cause of action, by the plain wording of Sec. 905, quoted above, is exclusive. The exclusiveness of that cause of action is not altered by the execution of a contract for the Federal Law nevertheless governs and we are powerless to grant the relief prayed for. Furthermore, Section 916 of the Act provides as follows:
“No assignment, release, or commutation of compensation or benefits due *127 or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.”
The petition, therefore, that seeks which under the law cannot be granted, fails to state a cause of action and was properly dismissed.
Judgment affirmed.