William E. **HENRY**, Plaintiff-Appellee,

v.

**GENTRY PLUMBING & HEATING CO.,** Defendant-Appellant.

No. 82–2394
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 13, 1983.
Rehearing Denied June 13, 1983.

---

Mahoney, Shaffer, Hatch & Layton, Kenneth R. Hannam, Corpus Christi, Tex., for defendant-appellant.

Robert E. Brunkenhoefer, Corpus Christi, Tex., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

GEE, Circuit Judge:

■ Under the Longshoremen's and Harbor Workers' Compensation Act a compensation order becomes effective when filed with the deputy commissioner. It does not become final, however, until thirty days after filing or, should any appeal of it have been initiated within the thirty-day period, that appeal is decided by the Benefits Review Board. 33 U.S.C. § 921(a). Although an order "requires" payment, neither an effective order nor a final order has coercive effect. By statute, a beneficiary may compel the employer to make payments under an order only by initiating a proceeding in district court. A § 918(a) proceeding may be used to compel payment of compensation delinquent for thirty days or more under an effective order. A § 921(d) proceeding may be used to enforce payment under a final order.[1]

In this case, Mr. Henry properly filed a § 918 action to enforce an effective compensation order pending review of that order by the Benefits Review Board. After notice and hearing, he obtained from the deputy commissioner a supplementary order declaring the amount of the default. This he filed in district court, applying for the entry of a default judgment. Appellant Gentry Plumbing and Heating Company (Gentry), his employer, responded, admitting that the amount of the ascertained default was accurate. The district court, finding the supplemental order to be in accordance with law and accurate as to the amount in default, entered judgment for Mr. Henry.

■ By statute, review of this judgment may be had "as in civil suits for damages at common law." 33 U.S.C. § 918(a). Accordingly, enforcement of the judgment under § 918 was stayed upon Gentry's posting of supersedeas bond pending this appeal to us.

---

1. By explicit statutory provision, these are the sole means of enforcing compensation awards:

(e) Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title.

33 U.S.C. § 921(e).

Gentry claims before us, however, that supersedeas or a stay should have been or should be granted pending the course of its *administrative* appeal of the entire award to the Benefits Review Board, under § 921, not merely pending this appeal of the interim default judgment on the supplementary order, under § 918. This cannot be.

While Mr. Henry was seeking enforcement of the effective compensation order under § 918, Gentry appealed the order to the Benefits Review Board as it may under § 921(b). Gentry made no request to the Benefits Review Board for a general stay of payment of Mr. Henry's compensation award pending the Board's decision. Only the Board is granted power to enter such an interim stay pending its decision of the administrative appeal, and then only if payment under the compensation order would cause irreparable injury to the payer. 33 U.S.C. § 921(b)(3). Neither we nor the district court can do so. Our powers of this sort are limited to ones over judgments such as the one before us today, 33 U.S.C. § 918(a), and over proceedings undertaken following final orders of the Board, 33 U.S.C. § 921(c). The decision by Congress to lodge the stay power pending administrative appeal in the Board alone is one that we must respect, representing, as it doubtless does, a legislative decision that—except in extreme circumstances of irreparable injury to the payer—it is preferable that an injured worker receive regular compensation, even that later determined to have been wrongly exacted and not recoverable by the payer, than that he be left without assistance until all amounts are finally determined. We will not read § 918 to permit us to do what § 921 explicitly forbids us from doing.

Gentry urges upon us that *Harris v. Briscoe,* 212 F.2d 619 (D.C.Cir.1954), supports his claim that we can and should stay generally the payment of Mr. Henry's award pending the administrative appeal. It misreads that decision, which merely holds that such an interim default judgment as is presently before us today can be superseded, as this one has been, pending our review.

That review is now completed. The judgment below is

AFFIRMED.