Shirley **WARBINGTON**, Plaintiff,

v.

**AETNA CASUALTY AND SURETY COMPANY**, Defendant.

Civ. A. No. S85–1552(N).

United States District Court,
S.D. Mississippi, S.D.

May 7, 1986.

---

D. Neil Harris, Pascagoula, Miss., William C. Walker, Jr., University Law Center, University, Miss., for plaintiff.

Richard P. Salloum, Gulfport, Miss., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEX, District Judge.

### I.

*Factual Findings*

1. Defendant Aetna Casualty and Surety Company issued a worker's compensation insurance policy covering certain employees of Ingalls Shipbuilding Division, Litton Systems, Inc., from August 1, 1983 through August 1, 1984.

2. Defendant Aetna Casualty and Surety Company received notice that Plaintiff Shirley Warbington was injured on or about March 6, 1984, while working with Ingalls. Defendant, as compensation carrier for Ingalls, paid, voluntarily without an award, to and for Plaintiff, worker's compensation of at least $13,453.76, and medical benefits of at least $11,395.61 under the LHWCA because of Plaintiff's employment injury. By notice dated June 13, 1985, the Defendant filed with the Department of Labor a breakdown of the period and amounts of compensation paid to the Plaintiff and the reasons for termination or suspension of payments.

3. Plaintiff, on or about September 23, 1985, filed a worker's compensation claim under the LHWCA of which the Defendant received notice. In response, Defendant timely filed a Notice of Controversion of Right to Compensation on or about September 24, 1985, with the Department of Labor.

4. The Department of Labor claims examiner forwarded a letter to all parties concerned, setting forth the pertinent facts, outstanding issues, and her recommendations and rationale for resolution of the Plaintiff's claim dated October 21, 1985.

5. The Defendant notified the Department of Labor claims examiner by letter dated October 30, 1985, that it disagreed with and would not adopt her recommendations. Defendant stated that any further action on the claim should be referred to an Administrative Law Judge.

6. Plaintiff filed the instant litigation on December 10, 1985.

7. Plaintiff requested transfer of her worker's compensation file from the Department of Labor claims examiner's officer to an Administrative Law Judge on February 21, 1986.

### II.

*Legal Conclusions*

Plaintiff, relying on the October 21, 1985, Department of Labor claims examiner's letter, instituted this action against Aetna Casualty & Surety Insurance Company

alleging that the defendant, as worker's compensation insurance carrier for Ingalls [1], willfully refused to pay all benefits due to Plaintiff. Plaintiff seeks compensation for all statutory benefits wrongfully withheld and damages for bad faith refusal to pay a legitimate claim under state law.

As to Plaintiff's claim for statutory benefits, the question is has there been a "determination" that benefits are due the Plaintiff. The LHWCA provides a comprehensive scheme for resolving covered employee injury disputes. *See,* 20 C.F.R. Section 702.101, et seq. (1985).

Ms. Warbington filed her compensation claim as required under 20 C.F.R. Section 702.221. Aetna filed Notice of Controversion of Warbington's right to compensation as permitted under C.F.R. Section 702.251. The claims examiner then proceeded to adjudicate the claim as mandated in 20 C.F.R. Section 702.301. After an informal conference with all concerned parties, the claims examiner issued a memorandum stating her recommendations for mutual resolution of the Plaintiff's claims pursuant to 20 C.F.R. Section 702.316. Aetna filed timely notice of disagreement with and rejection of the claims examiner's recommendations in accordance with 20 C.F.R. Section 702.-316.

The claims examiner, at that point, had two (2) options: (1) schedule further informal conferences in hopes of resolving the dispute, or (2) prepare the claims file for transfer to an Administrative Law Judge for a formal hearing at the request of Plaintiff. The recommendation of the claims examiner are obviously not binding upon the parties as they have the right to disagree with their findings; they are not final where notice of disagreement has been entered by the carrier because the parties have further administrative relief available to them. *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399, 406 (5th Cir.1984). The United States Supreme Court had defined an award or order in the LHWCA context as a final and binding determination of the liability of employer to employee. *Paramino v. Marshall,* 309 U.S. 370, 377, 60 S.Ct. 600, 602, 84 L.Ed. 814 (1940). Clearly, Ms. Warbington's classification of the claims examiner's recommendation memorandum as an award enforceable in this court is erroneous [2]. With respect to the Plaintiff's claim for statutory benefits, it is the Court's opinion that the Defendants' motion to dismiss should be granted.

Plaintiff also asserts a pendent state law claim against Aetna Casualty & Surety Company, Ingalls' worker's compensation carrier, for bad faith refusal to pay a legitimate claim. In Defendant's motion to dismiss this claim, Aetna asserts Plaintiff's state law claims are preempted by the LHWCA. The Court need not reach the

---

1. Under the LHWCA, the employer and its insurance carrier are one and the same entity for purposes of compensation liability. *See,* 33 U.S.C. Section 935 (1976)(notice to employer deemed notice to carrier, jurisdiction of employer also jurisdiction of carrier, order binding employer also binds carrier); *Johnson v. American Mutual Liability Ins. Co.,* 559 F.2d 382, 395 (5th Cir.1977) (under most circumstances insurance carrier entitled to wear mantle of employer immunity).

2. 33 U.S.C. Section 918 states in relevant part:
   (a) In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default .. The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred ... Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law ...
   Since the claims examiner's recommendation is not a final order fixing the liability of employer to employee, *see, Henry v. Gentry Plumbing & Heating Co.,* 704 F.2d 863, 864 (5th Cir.1983) (order not final until thirty days after filing *or,* if appealed within the thirty-day period, until appeal decided by Benefits Review Board), the Court seriously doubts it has jurisdiction over the subject matter of this litigation at all.

Defendant's preemption argument in deciding Aetna's motion to dismiss. Although there are conceivable situations in which a worker's compensation carrier might be responsible for conduct rising to the level of bad faith[3], the facts of this case certainly do not bespeak such a situation. A bad faith claim contemplates some decision made or position taken without an honest, reasonable, good faith belief in the legality and fairness of such a stand. *Liberty Mutual Insurance Co. v. Davis*, 412 F.2d 475, (5th Cir.1969). In the instant case 50 C.F.R. Section 701.316 expressly permits the defendant insurance carrier to object to and disregard the claims examiner's recommendations as long as notice of disagreement is timely filed. Where an insurance carrier acts within the permissible limits of a federal regulation, that activity cannot constitute bad faith.

The Court is of the opinion that the motion to dismiss Plaintiff's state law bad faith claim should be granted. A separate order will be entered in accord with these Findings of Fact and Conclusions of Law.

---

**3.** *See, Martin v. Traveler's Insurance Company*, 497 F.2d 329 (1st Cir.1974) (bad faith claim against LHWCA insurance carrier allowed); *Brazier v. Travelers Insurance Company*, 602 F.Supp. 541 (N.D.Ga.1984) (same/Georgia Worker's Compensation Act carrier). *But see*, *Texas Employers Insurance Association v. Jackson*, 618 F.Supp. 1316 (E.D.Tex.1985) (bad faith claim against LHWCA insurance carrier prohibited); *Brown v. Travelers Insurance Company*, 119 So.2d 125 (La.Ct.App.1960) (same).