817 F.2d 1211
 TIDELAND WELDING SERVICE and Liberty Mutual Insurance
Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR and Walter Sawyer and Glynn
Rhodes, Claimants, Respondents.
 No. 86-4885.
 United States Court of Appeals,
Fifth Circuit.
 June 1, 1987.
 
 Kevin R. Tully, Christovich & Kearney, Robert E. Peyton, New Orleans, La., for petitioners.
 George R. Salem, Sol., Dept. of Labor, Joshua T. Gillelan, Washington, D.C., for respondents.
 Larry Arcell, New Orleans, La., for Sawyer & Rhodes.
 Benefits Review Board, Dept. of Labor, Washington, D.C., for other interested parties.
 Petition for Review of an Order of the Benefits Review Board.
 Before BROWN, REAVLEY and JOLLY, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 Petitioners Tideland Welding Service and Liberty Mutual Insurance Company petitioned this court to stay and review an administrative law judge's order awarding respondents Walter Sawyer and Glynn Rhodes $130,000 under the Longshoremen and Harbor Workers' Compensation Act (LHWCA). We granted a stay, and expedited proceedings on the matter. We now see that the stay was improperly granted, because we lack jurisdiction over the appeal. We, therefore, dissolve the stay and dismiss the appeal.
 
 
 2
 * Sawyer and Rhodes, Tideland employees, were injured in a traffic accident on June 20, 1980, on their way home from the J. Ray McDermott Shipyard in Amelia, Louisiana. The accident occurred on Highway 90, approximately 1 1/2 miles from where they worked, on a stretch of public roadway that also serves as the only access road between two parts of the shipyard. They brought a claim against Tideland and its insurance carrier Liberty Mutual, under the LHWCA. An administrative law judge (ALJ), however, denied their claim because the situs requirement of the Act was not satisfied, and because the trip was not within the course of their employment. Sawyer and Rhodes appealed, and the Benefits Review Board (the "Board") reversed the ALJ's findings and remanded the case for determination of appropriate relief. The petitioners appealed the Board's decision to this court, but we denied the appeal for lack of jurisdiction, because the Board's order was not final under 33 U.S.C. Sec. 921(c).
 
 
 3
 On remand, the ALJ held hearings to determine the amount of compensation owed respondents due to their injuries. The ALJ found that Rhodes suffers from a permanent partial disability and Sawyer is temporarily totally disabled. The ALJ awarded compensation (on a continuing basis) for these injuries, including substantial amounts due for the preceding six years: $100,000 for Sawyer and $30,000 for Rhodes.
 
 
 4
 On December 3, 1986, petitioners filed petitions to stay, and sought review of the ALJ's ruling, before both the Board and this court. The next day we granted "a stay ... of that portion of the order of the Benefits Review Board which awards a lump sum payment [of] approximately $135,000 pending the order of the Court." However, on December 8 the Board denied petitioners' motion for a stay for failure to establish "irreparable injury," and docketed their motion as an appeal under the LHWCA.
 
 II
 
 5
 Section 921(c) of the LHWCA, 33 U.S.C. Sec. 921(c), provides in pertinent part:
 
 
 6
 Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals ... by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. [Emphasis added].
 
 
 7
 Notwithstanding the language of our order granting the instant stay, it is obvious that the Board has yet to issue a "final order" in this case. The obligation to await a final decision before appeal has been explained elsewhere and need not be restated here. Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 400-401 (5th Cir.1984) (en banc). We erred in granting the present stay because under the Act we do not have jurisdiction over the case.
 
 
 8
 Petitioners urge us to accept jurisdiction over this appeal to hear their claim that the Act is unconstitutional insofar as it requires an employer to transmit compensation before obtaining an Article III court's review of the determination reached by an administrative body. We decline petitioners' invitation. Our jurisdiction under the Act extends only to final orders of the Board, 33 U.S.C. Sec. 921(c), and to enforcement orders entered by district courts, 33 U.S.C. Sec. 918(a). See Henry v. Gentry Plumbing & Heating Co., 704 F.2d 863, 865 (5th Cir.1983). Petitioners will not be prejudiced by having to wait until they reach one of these two junctures to assert their constitutional claim.
 
 
 9
 We, therefore, dissolve the stay and DISMISS this appeal.