The YOUGHIOGHENY AND OHIO
COAL COMPANY, Petitioner,

v.

Steve VAHALIK and Director, Office of
Workers' Compensation Programs,
United States Department of Labor, Respondents.

No. 91–3953.

United States Court of Appeals,
Sixth Circuit.

Argued June 8, 1992.

Decided July 16, 1992.

John G. Paleudis, John R. Estadt (argued
& briefed), Hanlon, Duff & Paleudis, St.
Clairsville, Ohio, for petitioner.

Christian P. Barber (argued & briefed),
U.S. Dept. of Labor, Office of the Solicitor,
Washington, D.C., for Steve Vahalik.

Christian P. Barber, Michael J. Denney,
U.S. Dept. of Labor, Office of the Solicitor,
Washington, D.C., for Director, Office of
Workers' Compensation Programs, United
States Dept. of Labor.

Before: KENNEDY and SILER, Circuit
Judges, and JOINER, Senior District
Judge.*

KENNEDY, Circuit Judge.

Petitioner The Youghiogheny and Ohio
Coal Company ("Y & O") seeks review of
the decision of the Benefits Review Board
("Board") granting recovery to the Director, Office of Workers' Compensation
Programs ("Director"), of additional interest owing on interim benefits paid by the
government under the Black Lung Disability Trust Fund ("Trust Fund") program.
For the reasons set forth below, we DISMISS this appeal, finding that neither the
administrative law judge nor the Board had
subject matter jurisdiction over the United
States' claim.

I.

Respondent Steve Vahalik filed an application for Black Lung disability benefits in
1977. The determination of Vahalik's claim
was the responsibility of the Department of
Labor, which was authorized to administer
the Black Lung Benefits Act and the Trust
Fund. The Department initially granted
the claim, and the Trust Fund began making payments to claimant on July 1, 1978.
The operator deemed responsible, Y & O,
denied liability. An administrative hearing
was conducted before an administrative

---

* The Honorable Charles W. Joiner, United States
District Court for the Eastern District of Michi-

gan, sitting by designation.

law judge, and benefits were awarded to Vahalik, and against Y & O, in 1981. Although it appealed and continued to contest responsibility, Y & O assumed responsibility for payments to the claimant as of October, 1982. The Board affirmed the decision against Y & O on December 27, 1985.

In December of 1982, a claims representative of the Trust Fund requested repayment by Y & O of the benefits paid by the Trust Fund to Vahalik from the time of the initial claim determination until the time when Y & O took over the payments. The Secretary was authorized to make those interim benefit payments from the Trust Fund because Y & O did not commence payment within thirty days of the date of the initial eligibility determination in 1978. 26 U.S.C. § 9501(d)(1)(A)(i); 30 U.S.C. § 932(j)(1).

Under 30 U.S.C. § 934(b), the coal operator ultimately responsible for the benefits is liable to the United States for repayment to the fund of the interim benefits paid, plus interest thereon at a statutorily specified rate. In 1986, Y & O reimbursed the Trust Fund the principal amount of the interim benefits paid to Vahalik, but made no interest payment. On March 2, 1988, a claims examiner requested payment by Y & O of $2,707.35 in interest on the interim benefits. Y & O paid this amount on March 18, 1988. Five months later, Y & O received a demand for additional interest due in the amount of $11,724.02. Apparently, the initial claim examiner had computed interest up to the point in time that Y & O assumed payments to Vahalik, rather than until Y & O repaid the principal to the Trust Fund. Interest accrues on "all amounts outstanding," and so the latter calculation was clearly the correct one. Having considered the matter closed upon its payment of the initial $2,707.35 interest demand, however, Y & O refused to pay the additional claim and requested a hearing before an administrative law judge. The deputy commissioner referred the case for such a hearing, which was held on March 21, 1990.

The administrative law judge determined that Y & O was not liable for the additional interest demand, on the grounds of equitable estoppel. The administrative law judge offered as an alternative ground for his holding the defense of "account stated and settled." The Director appealed the denial of the interest claim to the Board, which reversed. The Board found that Y & O was liable to the Secretary for the additional interest claim, concluding that the elements of equitable estoppel were not met and that "account stated and settled" did not properly bar the claim where a mistake had been made. Y & O has now appealed the Board's decision.

## II.

The Director contends on appeal that neither the administrative law judge nor the Board properly had subject matter jurisdiction. We agree. Congress has provided an elaborate administrative structure and review process for the determination of claims eligibility and operator liability. For issues relating to claim determination, administrative jurisdiction is conferred on the Department of Labor. Once final eligibility and liability determinations are made, however, the benefits of agency expertise become irrelevant, and jurisdiction is vested in district courts for the enforcement of the agency orders. Thus, 33 U.S.C. § 921(d), incorporated by 30 U.S.C. 932(a), provides both the claimant and the Secretary with a district court remedy for enforcement of the final order.

This case does not involve a claim determination or an operator responsibility determination. Rather, the government claims reimbursement of benefits paid out by the Trust Fund. Under 30 U.S.C. § 934(b)(1), operators ultimately responsible for the payment of benefits are liable to the United States for repayment of all interim benefits paid by the Trust Fund that are properly attributable to it, plus interest thereon. The liability for repayment to the fund is thus by operation of law, and is collateral to the administrative determination of operator responsibility.

If the operator then refuses to reimburse the Trust Fund, with interest, the United States is statutorily granted a lien for the

amount of the liability. 30 U.S.C. § 934(b)(2).[1] If there is a refusal or neglect to pay the liability to the fund, jurisdiction to enforce the lien is vested in federal district court by section 934(b)(4)(A). That section provides:

> In any case where there has been a refusal or neglect to pay the liability imposed under paragraph (2), the Secretary may bring a civil action in a district court of the United States to enforce the lien of the United States under this section with respect to such liability or to subject any property, of whatever nature, of the operator, or in which he has any right, title, or interest, to the payment of such liability.

Jurisdiction over the reimbursement of principal and interest upon interim payments by the fund is thus clearly vested in the district courts. There remains the issue of whether the district courts share concurrent jurisdiction with the agency. In this case, the express grant of jurisdiction to the district courts and the absence of any reference to an administrative remedy mandates the conclusion that no administrative remedy is available. The issues at stake involve no administrative expertise or discretion. Collection actions, the enforcement of liens and the calculation of statutory interest are all within the traditional purview of the district courts.

The defenses raised by Y & O, in fact, illustrate the propriety of district court, rather than administrative, jurisdiction. Y & O does not raise issues relating to the underlying benefits claim or operator responsibility determination. Rather, Y & O raises the legal and equitable defenses of equitable estoppel and account stated and settled. District courts are well versed in such matters of law and equity, and administrative agencies are not.

Y & O rests its jurisdictional argument on the substantive and procedural provisions of the Black Lung Act and its attend-

ant regulations relating to claim determination and operator responsibility determinations. As noted above, those provisions do govern the underlying issues of whether a claimant is entitled to benefits, and whether a particular operator is responsible for benefits awarded. Administrative procedures and remedies exist to address issues of law and fact relating to those substantive determinations. Once those administrative decisions become final, however, enforcement of statutory liabilities and liens arising by operation of law, and only collaterally related to the administrative process, are in the traditional province of the district courts.

We conclude, therefore, that the administrative law judge and the Board lacked subject matter jurisdiction to entertain Y & O's defenses. The Secretary must file an action in the district court seeking enforcement of its lien and collection on the liability. To prevail, the Secretary must establish a final compensation order, a liability to the Trust Fund under section 934(b)(1), and a refusal or neglect to pay by Y & O. The court remains free to consider any defenses raised by the operator as to the liability under section 934(b)(1).

### III.

For the foregoing reasons, we dismiss this appeal on the ground that neither the administrative law judge nor the Benefits Review Board properly had subject matter jurisdiction over the United States' claim.

---

**1.** "If any operator liable to the fund under paragraph (1) refuses to pay, after demand, the amount of such liability (including interest), then there shall be a lien in favor of the United States for such amount upon all property and rights to property, whether real or personal, belonging to such operator. The lien arises on the date on which such liability is finally determined, and continues until it is satisfied or becomes unenforceable by reason of lapse of time."