PEABODY COAL COMPANY and Old Republic Insurance Company, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR, Respondent.

No. 93–2597.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1994.

Decided Nov. 21, 1994.

As Amended Nov. 22, 1994.

Mark E. Solomons (argued), William E. Berlin, Arter & Hadden, Washington, DC, for Peabody Coal Co. and Old Republic Ins. Co.

Michael J. Denney, Deborah E. Mayer (argued), U.S. Dept. of Labor, Office of Sol., Washington, DC, for Director Office of Workers Compensation Programs.

Lisa L. Lahrman, Benefits Review Bd., Executive Counsel, Clerk of Bd., Washington, DC, for Benefits Review Bd.

Before FAIRCHILD, CUMMINGS, and BAUER, Circuit Judges.

FAIRCHILD, Circuit Judge.

Peabody Coal Company ("Peabody") and its insurance carrier, Old Republic Insurance Company ("Old Republic"), petition this court for review of a final decision of the United States Department of Labor Benefits Review Board ("the Board"). We deny the petition and affirm the Board's decision.

### I.

The Federal Coal Mine Health and Safety Act of 1969, in addition to providing health and safety standards for coal mines, estab-

lished a compensation program for coal miners and eligible beneficiaries who have become totally disabled or died because of pneumoconiosis, or "black lung." This act has been amended several times. We are concerned here with Title IV, the Black Lung Benefits Act ("the Act"), 30 U.S.C. § 901 *et seq.* In 1977, the Black Lung Disability Trust Fund ("the Fund") was created. The Fund is financed by excise taxes on mined coal, and, among other things, pays medical benefits to eligible mine workers when no responsible coal mine operator has been identified.

When the Department of Labor pays medical bills of an entitled black lung sufferer out of the Fund and determines that a coal mine operator was required to secure such payments, "the operator is liable to the United States for repayment to the fund … plus interest thereon." 30 U.S.C. § 934(b)(1). The subject of the present controversy is petitioner's liability for interest. In practice, operators (or their insurers) often concede liability for the bills (or such liability is determined in an administrative proceeding), and reimburse the Fund, but dispute the Department of Labor's claim that interest started to accrue when the Fund made the payment. The question before us is whether the dispute is to be resolved by administrative adjudication within the Department of Labor, or is to be resolved by a federal district court. The present petition seeks review of a decision by the Board that it has no jurisdiction of a dispute of this type.

1. Part B of the Act provides monthly cash benefits but no medical benefits. When the Act was amended in the late 1970s, a provision was added to allow Part B miners (such as Ayers) or beneficiaries to apply for medical benefits under Part C; such a claim is referred to as a "medical benefits only" or "MBO" claim.

2. Initially, a district director (formerly known as a "deputy commissioner"), a Department of Labor officer, determines whether to reject a claim or make an award. If a party requests a hearing, however, an ALJ conducts a hearing in accordance with the Administrative Procedure Act. 33 U.S.C. § 919(c) and (d). A party may then appeal the ALJ's decision to the Board, 33 U.S.C. § 921(b)(3), and may subsequently file a petition for review by a court of appeals. 33 U.S.C.

Petitioners suggest that an operator may have two grounds for disputing the Department of Labor's computation of interest. One is a dispute over the correct accrual date, and the other that the "entire amount claimed is prohibited prejudgment interest." Petitioners' Br. at 34.

In the instant case, Burbin Ayers ("Ayers") filed a claim for black lung benefits with the Social Security Administration sometime before July 1973, and benefits were awarded. Ayers filed an MBO claim with the Department of Labor in July 1978.[1] In December 1978, the Department of Labor determined that Ayers was eligible for medical benefits, and subsequently paid Ayers' medical bills (in 1982 and 1983) from the Fund. Peabody was first notified in mid–1980. In February 1984, after a proceeding in which Old Republic did not contest Ayers' entitlement to medical benefits (and informed the administrative law judge ("ALJ") that it would pay benefits), a district director of the Department of Labor awarded medical benefits to Ayers and awarded reimbursement to the Fund in the amount of $1976.54.[2]

By letter dated July 25, 1989, the Department of Labor informed petitioners that they had not paid the reimbursement, and enclosed medical bills in the amount of $1894.54.[3] By letter dated July 28 (and check issued July 31), Old Republic reimbursed the Fund in the amount of $1894.54. On August 11, the Department of Labor sent petitioners a claim for $1465.69 in interest, computed from the day the Fund paid Ayers' bills.[4] Old Republic denied owing interest,

§ 921(c). The Secretary of Labor has also promulgated regulations which track the statutory provisions regarding claims for benefits. *See* 20 C.F.R. Part 725.

3. There is no explanation in the record as to why there was more than a five year delay before the Department of Labor submitted the medical bills and request for reimbursement to petitioners, or why the benefit amount changed from $1976.54 to $1894.54.

4. Apparently, in 1988, the Department of Labor established a new policy to collect interest from responsible operators which had reimbursed the Fund for medical benefits, with such interest beginning to accrue on the date on which payment was made.

because it had paid immediately upon receipt of the notice in July 1989.[5] The next month, the claim was sent to an ALJ for a hearing.

In January 1990, the ALJ transferred the *Ayers* case for consolidation with *Bailey v. Island Creek Coal Co.* *Bailey* was the lead case for a number of consolidated cases regarding the computation of interest on reimbursements to the Fund for medical benefits. The parties tell us that there are hundreds of cases with like issues regarding interest.

Meanwhile, a case involving a similar issue, *Vahalik v. Youghiogheny and Ohio Coal Co.,* had reached the Sixth Circuit by means of a petition for review of a decision by the Board. It was not until the Director's response brief to the Court of Appeals that the Director argued that the district court was the proper forum for claims involving interest or reimbursement to the Fund. The Sixth Circuit ruled that neither an ALJ or the Board had subject matter jurisdiction over the United States' claim for additional interest on interim benefits paid from the Fund, reasoning that

> Once final eligibility and liability determinations are made, however, the benefits of agency expertise become irrelevant, and jurisdiction is vested in district courts for the enforcement of the agency orders.
>
> . . . .
>
> Collection actions, the enforcement of liens and the calculation of statutory interest are all within the traditional purview of the district courts.

*Youghiogheny and Ohio Coal Co. v. Vahalik,* 970 F.2d 161, 162–63 (6th Cir.1992).

In August 1992, in light of *Vahalik,* the *Bailey* cases were dismissed for lack of jurisdiction. The decision was appealed to the Board, which decided to hold the cases in abeyance pending its decision in *Director, Office of Workers' Compensation Programs v. Sea "B" Mining Co.,* an appeal from a default judgment awarding interest to the Department of Labor in connection with

medical reimbursement claims. In April 1993, the *Sea "B"* appeals were dismissed for lack of jurisdiction. The next month, the Board dismissed the *Ayers* case (and other *Bailey* cases) for lack of jurisdiction, and the present petition for review followed.

## II.

We address only the jurisdictional issue, and do not decide the amount of interest the Department of Labor can properly claim from petitioners.

There is no statute explicitly providing for administrative review of the Department of Labor's computation of the interest due under § 934(b), nor is there one explicitly providing for judicial review. We must decide whether the statutory language "questions in respect of such claim" (33 U.S.C. § 919(a)) includes a dispute over such computation, or whether any properly available defense must be within the jurisdiction of a federal district court.

To date, two circuits have held that federal district court is the appropriate forum for resolving the present issues regarding interest. *Bethenergy Mines, Inc. v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 32 F.3d 843 (3d Cir.1994); *B & S Coal Co. v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 35 F.3d 1041 (6th Cir.1994).[6] We agree.

As discussed above, a black lung claim normally works its way through administrative channels. Part C of the Act incorporates by reference portions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Pursuant to 30 U.S.C. § 932(a), the claims procedure of the Longshore and Harbor Workers' Compensation Act, which is found in 33 U.S.C. § 919, applies:

---

5. Apparently, in practice, a responsible operator has thirty days to reimburse the Fund after a finding of liability, and after the Department of Labor has provided the operator with a full record of the medical bills.

6. One other circuit has not yet ruled on the same issue. *Sea "B" Mining Co. v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* No. 93–1784 (4th Cir. filed June 22, 1993, argued Apr. 12, 1994).

### (a) Filing of claim

... a claim for compensation may be filed with the deputy commissioner [now district director] in accordance with regulations prescribed by the Secretary ... and the deputy commissioner shall have full power and authority to hear and determine all questions in respect of such claim.

Petitioners argue that the interest issue is "in respect of such claim," and therefore they are entitled to litigate the issue before an ALJ. *See Pyro Mining Co. v. Slaton*, 879 F.2d 187, 190 (6th Cir.1989) ("Thus, according to statute [33 U.S.C. § 919], the petitioners have a right to a hearing before an administrative law judge on all questions in respect of a claim.").[7] We agree with the Third Circuit's reasoning that "all questions in respect of such claim" have been resolved, as petitioners have admitted underlying liability. *Bethenergy Mines*, 32 F.3d at 847–848. The interest issue "is controlled by those statutory provisions concerning access to the district courts for enforcement of black lung liability." *Id.* at 848.

There are limited circumstances in which a federal district court has jurisdiction over issues related to the Black Lung Act. 33 U.S.C. § 921(d) provides:

If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred.... [8]

In addition, 30 U.S.C. § 934(b)(4)(A) and (B) provides:

In any case where there has been a refusal or neglect to pay the liability imposed under paragraph (2), the Secretary may bring a civil action in a district court of the United States to enforce the lien of the United States under this section with respect to such liability or to subject any property, of whatever nature, of the operator, or in which he has any right, title, or interest, to the payment of such liability.[9]

The liability imposed by paragraph (1) may be collected at a proceeding in court if the proceeding is commenced within 6 years after the date on which the liability was finally determined....

Petitioners argue that the Department of Labor's demand for interest is not enforceable (at least, not fully enforceable) because an incorrect accrual date is used, and that some portion of interest constitutes an impermissible claim for prejudgment interest. Petitioners assert that they are entitled to litigate the merits of this issue at the administrative level. Petitioners further assert that a district court has no jurisdiction over the merits of a claim, and there is no final order to enforce because there has not been an adjudication of the interest dispute. The Director, on the other hand, argues that there has been a final determination of liability in that the computation of underlying liability is established, and the only issue remaining is a collateral one regarding proper computation of interest on the amount finally determined.

We agree with the Third Circuit's conclusion that because the amount of medical benefits has been agreed upon, there has been a "final determination." Additionally, petitioners will have an opportunity to present their

---

7. *See footnote 2 for a description of the claims procedure.*

8. The Sixth Circuit noted that petitioners coal mine operator and its insurance company, and the Department of Labor, agreed that § 921(d) is not applicable to the present situation, because "it authorizes injunctive relief only in the event that the operator has failed to begin payments. Here, of course, the quarrel is over interest on benefits that already have been paid." *B & S Coal*, 35 F.3d at 1045 n. 4. The Court did not specifically rule on this suggestion by the parties, and there has been no similar suggestion here. We do not read § 921(d) to be so limited.

9. 30 U.S.C. § 934(b)(2) provides:

If any operator liable to the fund under paragraph (1) refuses to pay, after demand, the amount of such liability (including interest), then there shall be a lien in favor of the United States for such amount upon all property and rights to property, whether real or personal, belonging to such operator. The lien arises on the date on which such liability is finally determined, and continues until it is satisfied or becomes unenforceable by reason of lapse of time.

910

challenges to the claimed interest in federal district court. *Bethenergy Mines,* 32 F.3d at 849–850.

The ultimate issues raised by petitioners regarding interest are primarily ones of statutory construction, or possibly an equitable-type of defense to the running of interest. A district court seems a more naturally appropriate forum for resolving such issues. Given 33 U.S.C. § 921(d) and 30 U.S.C. § 934, we agree with the reasoning of the Third and Sixth Circuits, and conclude that an ALJ or the Board does not have jurisdiction over issues involving computation of interest on medical benefits paid by the Fund.

Accordingly, we DENY the petition and AFFIRM the decision of the United States Department of Labor Benefits Review Board.