*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0167P (6th Cir.)
File Name: 03a0167p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DIRECTOR, OFFICE OF
WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

    *Petitioner,*

    *v.*

PEABODY COAL COMPANY et
al.,

    *Respondents.*

No. 01-4358

On Petition for Review of an Order of the
Benefits Review Board, United States
Department of Labor.
No. 00-1174 BLA.

Argued: May 7, 2003

Decided and Filed: June 2, 2003

Before: KRUPANSKY, SILER, and GILMAN, Circuit
Judges.

---

### COUNSEL

**ARGUED:** Timothy S. Williams, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Petitioner. Mark E. Solomons, GREENBERG TRAURIG, Washington, D.C., for Respondents. **ON BRIEF:** Timothy S. Williams, Christian P. Barber, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Petitioner. Mark E. Solomons, Laura Metcoff Klaus, GREENBERG TRAURIG, Washington, D.C., for Respondents.

---

### OPINION

---

    RONALD LEE GILMAN, Circuit Judge. The Director of the Office of Workers' Compensation Programs (OWCP) seeks reimbursement from Peabody Coal Company for survivor-benefit payments made by the government's Black Lung Disability Trust Fund (Trust Fund) to a miner's widow. Peabody Coal contends that because it had previously paid an excessive amount of benefits due to the miner's misrepresentations during his lifetime, it should not have to make the reimbursements.

    The Director characterizes this dispute as a modification of the order for benefits over which the Department of Labor (DOL) has jurisdiction. Peabody Coal, on the other hand, claims that this is a dispute about collection and reimbursement, with jurisdiction exclusively resting in the district court. The Benefits Review Board affirmed the decision of the Administrative Law Judge (ALJ) to dismiss the OWCP's petition for lack of subject matter jurisdiction. For the reasons set forth below, we **AFFIRM** the decision of the Board.

## I.  BACKGROUND

### A.  Factual background

William Givens filed a claim for federal black lung benefits in August of 1978.  In May of 1980, an ALJ found that he was entitled to benefits and that Peabody Coal was the responsible operator.  For the remainder of Mr. Givens's life, he received both federal benefits (from Peabody Coal) and Kentucky workers' compensation benefits.  Federal black lung benefits, however, are to be reduced "by the amount of any compensation received under or pursuant to any Federal or State workmen's compensation law because of death or disability due to pneumoconiosis."  30 U.S.C. § 932(g).  (Pneumoconiosis is commonly known as black lung disease.)  The Givenses thus received more benefits than they were entitled to, which resulted from Mr. Givens falsely certifying from time to time that he was not receiving Kentucky workers' compensation benefits.

Upon Mr. Givens's death, his widow, Margie Givens, became automatically entitled to black lung survivor's benefits.  The double-dipping error had previously been discovered, however, so that Mrs. Givens received only state benefits from 1989 through June of 1994.  But in 1998, Mrs. Givens notified the DOL that her state award had expired.  This caused the district director to order that she be paid federal benefits by Peabody Coal, both prospectively and retroactively, for past due benefits dating from the expiration of her state award.

In 1993, however, Peabody Coal had negotiated an agreement with Mrs. Givens to the effect that any future survivor's benefits owed her by Peabody Coal would be setoff against the amount of overpayment—which according to the agreement was approximately $50,000—that the Givenses had received during Mr. Givens's lifetime.  In consideration of Mrs. Givens's agreement to allow the setoff, Peabody Coal agreed not to pursue an action for fraud or any other possible claims against Mrs. Givens.  Peabody Coal, not surprisingly, objected to the district director's amended 1998 order reinstating Mrs. Givens's federal benefits.  Mrs. Givens began receiving payments out of the Trust Fund until the dispute with Peabody Coal could be resolved.

### B.  Procedural background

Because Peabody Coal refused to pay Mrs. Givens's federal benefits pursuant to the 1998 amended order, the district director referred the matter to an ALJ for resolution. The ALJ and the DOL have decision-making authority over the determination of whether a black-lung-benefits claim exists. After a hearing, the ALJ determined that Mrs. Givens's claim was already final and that, pursuant to 30 U.S.C. § 932, Peabody Coal was clearly liable for her benefits. Noting that jurisdiction for the enforcement of agency orders lies in the district courts, 30 U.S.C. § 934(b)(4)(A), the ALJ then determined that this was a matter of collection and reimbursement over which he lacked subject matter jurisdiction. The Benefits Review Board upheld the ALJ's ruling in an October 31, 2001 Decision and Order.

## II.  ANALYSIS

### A.  Standard of review

We review the decision of the Benefits Review Board "to ensure that it did not commit a legal error or exceed its statutory scope of review of the ALJ's findings.  Our review of the Board's legal conclusions is plenary; the Board may set aside an ALJ's factual findings only if they are not supported by substantial evidence."  *Caney Creek Coal Co. v. Satterfield*, 150 F.3d 568, 571 (6th Cir. 1998) (citations and internal quotation marks omitted).

## B.   The Benefits Review Board properly determined that the ALJ lacked subject matter jurisdiction over this case

This appeal involves a dispute about how to properly characterize the status of the original decision awarding benefits to Mr. Givens. The Director argues that the award of benefits has not become "final." In other words, he contends that Peabody Coal's liability has not been finally determined because of the very fact that Peabody Coal disputes its obligation to resume the payment of benefits to Mrs. Givens. Peabody Coal, on the other hand, considers the award of benefits final because Mrs. Givens's entitlement to a previously determined benefit has long since been conclusively established and because Peabody Coal has been held to be the responsible operator—facts that Peabody Coal does not dispute. As a result, Peabody Coal contends that the dispute is solely a matter of collection and reimbursement, with jurisdiction for the enforcement of the DOL's order resting exclusively in the district court.

The Director places heavy emphasis on language in the Longshore and Harbor Workers' Compensation Act that discusses when a district director may modify a compensation award:

> Upon his own initiative . . . on the ground of a change in conditions . . . the [district director] may . . . review a compensation case . . . in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

33 U.S.C. § 922. This is precisely what the district director did in Mrs. Givens's case. Her state compensation ran out in 1994, and the district director modified her award in 1998 to reflect that change. The flaw in the Director's logic, however,

lies in his contention that this modification meant that Mrs. Givens did not have a "final" determination of her entitlement to survivor's benefits. Besides pointing to the modification provision quoted above, the Director provides no statutory basis to support his definition of a final determination. Peabody Coal's argument that the amount that it would otherwise admittedly owe Mrs. Givens can be equitably setoff by the 1993 settlement agreement does not mean that the determination of her entitlement to benefits is still unsettled.

To the contrary, this court has indicated that an entitlement to benefits is final upon the operator's assumption of liability for the amount determined. *See Youghiogheny & Ohio Coal Company v. Vahalik*, 970 F.2d 161, 163 (6th Cir. 1992) ("Jurisdiction over the reimbursement of *principal and interest* upon interim payments by the [Trust Fund] is thus clearly vested in the district courts.") (emphasis added). Peabody Coal paid the federal benefits on Mr. Givens's initial claim and does not dispute that it would be the responsible operator for Mrs. Givens's survivor benefits were it not for the overpayment. It is thus disputing its obligation to resume payment in light of the 1993 setoff agreement, not Mrs. Givens's entitlement to those benefits.

At its most basic level, Peabody Coal and the Director are likewise in a dispute over the reimbursement of principal and interest to the Trust Fund. Consequently, the Director goes to great length in his brief to distinguish the *Vahalik* case. But his effort is ultimately unpersuasive. *Vahalik* dealt with a situation in which the operator contested the miner's initial award of benefits. It was only after the operator admitted liability that the operator and the Director became involved in a dispute over the reimbursement amount owed to the Trust Fund. *Id.* at 161-62. The Director argues that Mrs. Givens's claim of entitlement is also contested, but to do so he must ignore the history of the Givenses' claim and the manner in which a miner's widow becomes entitled to benefits.

Under the applicable regulations at the time Mr. Givens was found eligible to receive benefits, 20 C.F.R. § 725.212, Mrs. Givens was automatically entitled to survivor's benefits upon her husband's death. This means that the relevant determination of the claim took place in 1980, not in 1989 when Mr. Givens died nor in 1998 when the Trust Fund began paying benefits to Mrs. Givens. The fact that Mrs. Givens has an entitlement to survivor's benefits and that Peabody Coal is the responsible operator has already been determined. As a result, this case represents a classic *Vahalik* situation: "Once final eligibility and liability determinations are made, however, the benefits of agency expertise become irrelevant, and jurisdiction is vested in district courts for the enforcement of agency orders." *Vahalik*, 970 F.2d at 162.

Both the ALJ and the Benefits Review Board based their dismissal for lack of subject matter jurisdiction upon the reasoning of *Vahalik*. This determination is consistent with the applicable provision of the Black Lung Benefits Act:

> In any case where there has been a refusal or neglect to pay the liability imposed under [§ 934(b)(2)], the Secretary may bring a civil action in a district court of the United States to enforce the lien of the United States under this section with respect to such liability or to subject any property, of whatever nature, of the operator, or in which he has any right, title, or interest, to the payment of such liability.

30 U.S.C. § 934(b)(4)(A).

Further support for the district court's jurisdiction lies in the equitable nature of Peabody Coal's affirmative defense. Of particular note is the Director's failure to address the effect of the 1993 settlement agreement between Mrs. Givens and Peabody Coal that purported to resolve the overpayment issue by offsetting future payments due Mrs. Givens as the surviving widow. To the extent that the Director does mention the setoff issue, it is only to note that any setoff renders the amount of Mrs. Givens's claim indeterminate and thus an issue of agency determination.

Peabody Coal's assertion of a setoff, however, is not a factor to be considered in deciding whether the agency has finalized a black-lung-benefits claim. Instead, the equitable issue raised by Peabody Coal's defense to the Director's reimbursement demand is parallel to the issues in *Vahalik*, where the court supported its result by noting, with regard to the petitioner's legal and equitable defenses, that the "[d]istrict courts are well versed in such matters of law and equity, and administrative agencies are not." *Vahalik*, 970 F.2d at 163.

Despite the Director's attempt to characterize the present dispute as one concerning the initial determination of a benefits claim, it is in reality a collection action to enforce the administrative agency's order. The ALJ and the Board thus lack jurisdiction to decide this dispute. 30 U.S.C. § 934(b)(4)(A).

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the decision of the Benefits Review Board dismissing the petition for lack of subject matter jurisdiction.